IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| EDWARD A. CESPEDES, ) ) ) Plaintiff, ) )  v. ) ) UNIVERSAL FIDELITY, LP ) ) Defendant. ) ) ) | No.  Jury Demanded |

Plaintiff, Edward A. Cespedes brings this action for a finding that Defendant, Universal Fidelity, LP ("Universal") violated the Fair Debt Collection Practices Act, 15 U.S.C. §§1692 et seq., and for the recovery of damages, costs and attorney's fees for such violations. Plaintiff alleges:

## PREAMBLE

1. The United States Congress has found abundant evidence of abusive, deceptive, and unfair debt collection practices by many debt collectors, contributing to personal bankruptcies, marital instability, loss of jobs, and invasions of privacy. (see 15 U.S.C.A. §1692[a].)

2. In response thereto, Congress enacted the Fair Debt Collection Practices Act ("FDCPA"), codified as 15 U.S.C.A. §§ 1692 et seq., the purpose of which is to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses. (see 15 U.S.C.A §1692[e].)

3. Any debt collector who fails to comply with any provision of the FDCPA with respect to any person is liable to such person for any actual damages sustained by such person as a result of such failure (*see* 15 U.S.C.A §1692k[a][1]), as well as statutory damages up to one thousand dollars ($1,000.00.) (*see* 15 U.S.C.A §1692k[a][2][A].)

4. Additionally, in the case of any successful action to enforce the foregoing liability, the debt collector is also liable for the costs of the action, together with a reasonable attorney's fee as determined by the court. (*see* 15 U.S.C.A §1692k[a][3].)

5. Plaintiff, Edward A. Cespedes, brings this action against Defendant, Universal, for a finding that Defendant violated the FDCPA, and for the recovery of damages, costs and attorney's fees for such violations.

## JURISDICTION AND VENUE

6. This Court has jurisdiction pursuant to 15 U.S.C.A §1692k(d) and 28 U.S.C. §1331.

7. This Court is the proper venue pursuant to 28 U.S.C.A. §1391 because Defendant does business in this Judicial District, or because a substantial part of the events giving rise to the claim occurred in this Judicial District.

## PARTIES

8. Plaintiff, Edward A. Cespedes, is a natural person who resides in Queens County, New York

9. Defendant, Universal, is located in Harris County, Texas.

10. Plaintiff, Edward A. Cespedes, is a "consumer" as defined by 15 U.S.C.A. §1692a(3), in that Plaintiff is a natural person obligated or allegedly obligated to pay any debt.

11. Defendant, Universal, is a "debt collector" as defined by 15 U.S.C.A. §1692a(6), in that Defendant uses an instrumentality of interstate commerce or the mails in its business, the principal purpose of which is the collection of debts.

## FACTUAL ALLEGATIONS

12. Plaintiff is alleged to have incurred a "debt," as defined by 15 U.S.C.A. §1692a(5) with Hollywood Video.

13. Sometime thereafter, Plaintiff allegedly failed to pay the allegedly debt.

14. On a date unknown to Plaintiff, but Plaintiff allegedly failed to make payment on the alleged debt, it was purportedly placed with or otherwise transferred to Defendant, Universal, for collection purposes.

15. Defendant sent Mr. Cespedes a collection letter dated October 2, 2012, attempting to collect the alleged debt.

16. Specifically, the letter alleges that the "Client" is "Legal Successor of Hollywood Video/Movie Gallery, Inc."

17. The letter does not identify a creditor whom the debt is allegedly owed.

18. All of the collection actions at issue occurred within one year of the date of this complaint.

19. Defendants' collection communications are to be interpreted under the "least sophisticated consumer" standard (*see Easterling v. Collecto, Inc.*, 692 F.3d 229 [2d Cir 2012].)

20. By this conduct, defendant violated certain provisions of the FDCPA, as set forth below.

## CAUSE OF ACTION

### COUNT I

### Violation of 15 U.S.C.A. §1692g(a) – Notice of Debt

21. Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs.

22. Within five (5) days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing: The amount of the debt; the name of the creditor to whom the debt is owed; a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector; a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor. (15 U.S.C.A. §1692g[a].)

23. Defendant's collection letter states that the "Client" is "Legal Successor of Hollywood Video/Movie Gallery, Inc." and does not state the name of the creditor to whom the debt is owed.

24. The letter would leave anyone, let alone the least sophisticated consumer, confused as to the identity of the current creditor. Therefore, Defendant's collection letter failed to convey effectively the name of the current creditor in violation of §1692(a)(2) of the FDCPA.

25. Defendant's violations of §1692(a)(2) render Defendants liable to Plaintiff for damages, costs and reasonable attorney's fees pursuant to 15 U.S.C.A. §1692k.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered against Defendant, and Plaintiff be awarded damages from Defendant as follows:

- Actual damages pursuant to 15 U.S.C.A. §1692k(a)(1) in an amount to be determined at trial;
- Statutory damages of $1,000.00 pursuant to 15 U.S.C.A. §1692k(a)(2)(A);
- Litigation costs together with a reasonable attorney's fee as determined by the Court pursuant to 15 U.S.C.A. § 1692k(a)(3).

## JURY DEMAND

Plaintiff, Edward A. Cespedes, demands a trial by jury.

Dated: March 18, 2013

/s/ Craig B. Sanders
By:_____
Attorneys for Plaintiff
Craig B. Sanders (CS4163)
Sanders Law, PLLC
100 Garden City Plaza
Suite 500
Garden City, New York 11530
516-203-7600
csanders@sanderslawpllc.com